

Jonathan C. Ursi
Plaintiff, *pro se*
12949 Satin Lily Drive
Riverview, FL 33579
jonathan.ursi@icloud.com

U.S. District Court
For the District of Columbia
333 Constitution Ave. NW
Washington, DC 20001

| | |
|---|---|
| JONATHAN C. URSI, Plaintiff, pro se, <br><br> v. <br><br> TROY E. MEINK, SECRETARY, U. S. DEPARTMENT OF THE AIR FORCE, Defendant. | Docket No.: |

# COMPLAINT

This is an employment-related action in violations of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U. S. C. § 791 et seq. Plaintiff was discriminated and retaliated against based on his disability, when he was forced to transfer and was reprimanded, among other violations in terms and conditions of employment. at the Defendant's facilities: U.S. Department of the Air Force, Washington, DC.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U. S. C. § 791 et seq.

2. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the U.S. Department of the Air Force. The claims arise

1

from events that took place between April 17, 2024, and August 1, 2024, in the facility located in Washington, DC.

## PARTIES

3. The Plaintiff, pro se, Jonathan C. Ursi, is an adult individual who has a mailing address of 12949 Satin Lily Drive, Riverview, Florida, 33579. His email address is: jonathan.ursi@icloud.com.

4. The Defendant, Troy E. Meink, is Secretary, U. S. Department of the Air Force, at the Headquarter located at 1670 Air Force Pentagon, Washington, DC 20330-1670.

5. Since October 2021, MAJ David Dinklock, was Division Chief, U. S. Special Operations Command – Central (SOCCENT) J8X, 1043 Blackbird Street, MacDill Air Force Base (AFB), Florida, 33621.

6. Between March 28, 2022, and May 20, 2024, Dinklocker was Plaintiff's first level supervisor.

7. At all relevant times, Amy B. Dean was Deputy Director, GS-14, Resources & Requirements, SOCCENT J8, HQ, MacDill AFB, Florida, 33621.

8. Dean became Plaintiff's first level supervisor, when Plaintiff was moved to J8 Programming & Requirements on May 20, 2024. Dean remained Ursi's first level supervisor until August 8, 2024.

9. The Department of the Navy engages in commerce for the purposes of Rehabilitation Act, Title VII of Civil Rights Act of 1964 and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

10. On March 28, 2022, Jonathan C. Ursi, Plaintiff pro se, was hired with Superior Qualifications experience for the Sensitive Activities Budget Analyst position at SOCCENT J8X, MacDill AFB, Florida. He worked in that position until May 20, 2024.

11. Between March 28, 2022, and May 17, 2024, Plaintiff successfully worked on budget management and ensured the integrity of Special Mission Funds.

12. Ursi was the only Budget Analyst who had Disbursing Agency experience.

13. Ursi's Disbursing Agent experience uniquely qualified him to perform the tasks.

14. Disbursing Agent functions involve funding paying agents to pay for mission related expenses.

15. Despite the title, Jonathan Ursi never worked as a Budget Analyst once moved.

16. Jonathan Ursi was never a Programmer.

17. Prior to March 28, 2022, Jonathan Ursi worked as a contractor in SOCCENT J8.

18. In 2023 and in 2024 MAJ David Dinklocker rated Jonathan Ursi's performance as a 5 for outstanding.

19. Jonathan Ursi never had any performance issues.

20. CPT Claudio Giraldi and TSgt Marcus Zachary worked with Jonathan Ursi in Sensitive Activities in J8X.

21. On May 20, 2024, Jonathan Ursi was involuntarily transferred to J8 Programming and Requirements without a written notice of reassignment, without SF 50, and was moved outside Budget Analyst position description, while he was given the same performance plan elements as other Budget Analysts.

22. After being involuntarily transferred to J8 Programming and Requirements in May 2024, Ursi's work became administrative in nature; and his professional engagement diminished.

23. Ursi was involuntarily moved to a staff level position that required a wealth of knowledge and expertise that he did not have.

24. Ursi was involuntarily moved without training and without assistance.

*Plaintiff's Disability*

25. Plaintiff was diagnosed with the following impairments: chronic epistaxis (diagnosed in ???), severe depression (diagnosed in November 2022), severe anxiety (diagnosed in 2018), .

26. Plaintiff health condition deteriorated in July 2024 after suicidal ideations, leading to hospitalization between October 28 through October 31, 2024.

27. Due to the aforementioned impairments Plaintiff is unable to sleep.

28. Plaintiff reported to work accompanied by a service dog and parked in handicap parking lot.

*Claim 1*

29. Based on his disability (epistaxis, depression, anxiety), between March 2022 and April 2024 MAJ David Dinklocker, J8X Division Chief, and Plaintiff's first level supervisor, made disparaging comments about Plaintiff bringing his service dog to work; about Plaintiff having to visit bathroom frequently, stating that Plaintiff needed to stop drinking alcohol on the weekends, purposely referring to plaintiff as Staff Sergeant (military rank and grade) instead of referring to the plaintiff by his title, and forced plaintiff to take an expired COVID test, and denial of deserved recognition and awards such as Civilian of the Year.

   a. On May 17, 2024, Plaintiff reported to Ms. Amy Boyle, Vice Chief of

4

Staff, SOCCENT, about Dinklocker's verbal harassment.

### Claim 2

30. Based on his disability (epistaxis, depression, anxiety), Plaintiff was discriminated against when on April 17, 2024, MAJ David Dinklocker cancelled the leave request for April 18, 2024, (after keeping plaintiff 1hr past their time without overtime pay) that was already approved on March 18, 2024, resulting in an unfair reprimand.

### Claim 3

31. Based on his disability (epistaxis, depression, anxiety), on or about May 1, 2024, Plaintiff's government travel card was canceled.

    a. Without the government travel card Plaintiff's career advancement is severely undermined.

### Claim 4

32. Based on his disability (epistaxis, depression, anxiety), on or about May 8, 2024, Ms. Amy B. Dean and Col. Cresswell verbally informed Plaintiff that he will be transferred to J8 Programming and Requirements, and (based on his disability and in retaliation for his reporting on May 17, 2024 about MAJ Dinklocker's prior verbal harassment and the accidental GTC misuse) on May 20, 2024 Plaintiff was involuntarily transferred to J8 Programming and Requirements.

    a. The transfer was from job series 0560, J8X Sensitive Activities to a job series and position that does not exist (position was terminated) within the J8.

    b. In J8X Plaintiff performed higher-level budget analysis, such as managing the budget, making payments to vendors and paying agents, and travelling to the AOR (Area of Responsibility) within the Middle East to meet the Teams.

    c. In J8 Programming and Requirements Plaintiff performed primarily administrative tasks, such as modifying Memorandums for Records and managing tasks through the Task

Management Tool with no Budget Analyst duties.

        d.       The transfer was an erosion of duties and responsibilities.

        e.       None of the following civilian Budget Analysts in J8 (with no known disability) were required or asked to move to J8 Programming and Requirements, as Plaintiff was: Budget Analysts civilians were Margie Rigby, Gary Dottellis, and Rick Benoit.

        f.       At J8 Programming and Requirements Plaintiff was given the same performance plan elements that were given to other Budget Analysts in J8 Comptroller.

        g.       No written notice of reassignment, no SF 50 personnel notice, no position description was issued for the involuntary transfer, and plaintiff was denied the SF50.

        h.       On May 17, 2024, Jonathan Ursi spoke with Amy Boyle, Vice Chief of Staff, SOCCENT J8, regarding MAJ Dinklocker's harassment.

*Claim 5*

33.    Based on Plaintiff's disability (epistaxis, depression, anxiety) and in retaliation for his reporting on May 17, 2024 about MAJ Dinklocker's prior verbal harassment, on July 2, 2024 Dean issued a Notice of Proposed Reprimand; and (based on his disability and in retaliation for his prior reporting on May 17, 2024 about Dinklocker's harassment and in retaliation for his informal EEO complaint filed on July 3, 2024) on July 31, 2024 Dean issued a Notice of Decision to Reprimand Plaintiff for misuse of the government travel card.

        a.       On July 3, 2024, Plaintiff contacted EEO office to file an informal discrimination complaint.

        b.       The 13 total transaction uses of the government travel card in 2023 and 2024 were for food and gas and were honest mistakes, as the credit card looked similar to the government travel card in the wallet.

        c.       The total amount spent on misuse of the government travel card was less

than $200, which was immediately paid in reimbursement, months prior to being notified by anyone in the Air Force.

    d. The misuses of the government travel card were not severe, immediately repaid, and did not warrant a reprimand.

    e. Plaintiff has never been in trouble his entire career.

    f. In December 2023 MAJ Dinklocker's wife reportedly used his government travel card with no reprimand or disciplinary actions issued against him, as the amount was reportedly reimbursed.

    g. Multiple personnel within the Agency had misused their government travel cards and were never punitively moved to another position.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. On July 3, 2024, Plaintiff contacted EEO office to file an informal discrimination complaint.

35. On September 10, 2024, Plaintiff filed a formal EEO complaint (511L2400586).

36. On March 11, 2025, ROI (Report of Investigation) was due to plaintiff and was late.

37. On March 12, 2025, Ms. Amy Boyle, Vice Chief of Staff, initiated a wellness check to plaintiff's home with local police without notifying plaintiff.

38. On July 23, 2025, EEOC dismissed the complaint (EEOC no. 510-2025-00147X) after Plaintiff withdrew the hearing request.

39. On September 18, 2025, Final Agency Decision was issued on the formal EEO complaint.

## REMEDIES and RELIEF

40. Plaintiff seeks compensatory damages for deterioration of mental and physical

health, loss of enjoyment of life, and loss of consortium in the total amount of $300,000. Plaintiff seeks reimbursement for legal expenses paid and punitive damages as a form of punishment for the defendant's conduct, which was particularly reckless and malicious. Plaintiff faced significant professional and personal challenges due to multiple procedural failures and unfair treatment by the Agency. These include a move without updated PD or SF50, ignored requests for proper documentation, inconsistent timing of reprimands, exacerbation of my health conditions, denial of deserved recognition and awards, cancellation of approved leave, forced expired COVID tests, misalignment of performance plans with PD, denial of time off awards, and uncompensated overtime

## NO JURY DEMAND

41. The Plaintiff, pro se, requests a bench decision on all issues in this action.

WHEREFORE, the Plaintiff prays for a judgment in his favor and against the Defendant.

Respectfully Submitted,

Jonathan C. Ursi
Plaintiff, *pro se*
12949 Satin Lily Drive
Riverview, FL 33579
jonathan.ursi@icloud.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the documents specified below were served on the entity identified below on the date of the signature below by means indicated below:

U.S. District Court
For the Middle District of Florida
401 W. Central Blvd.
Orlando, FL. 32801

    Via Priority Mail

Complaint
Check or money order: $405.00, payable to U.S. District Court.
Summons
Civil Cover Sheet

October 31, 2025

_____
Jonathan C. Ursi
Plaintiff, *pro se*
12949 Satin Lily Drive
Riverview, FL 33579
jonathan.ursi@icloud.com